**NOT FOR PRINTED PUBLICATION**

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| PROVIDENCE HOLDINGS, INC. § | | |
| § | | |
| *Plaintiff,* § | | |
| § | | |
| § | | |
| V. § | CASE NO. 4:12-CV-556 | |
| § | Judge Clark/Judge Mazzant | |
| § | | |
| JOHN DOAK, INDIVIDUALLY, and in his § | | |
| OFFICIAL CAPACITY AS § | | |
| INSURANCE COMMISSIONER for the § | | |
| OKLAHOMA DEPARTMENT OF § | | |
| INSURANCE and § | | |
| § | | |
| MARK THARP, INDIVIDUALLY, § | | |
| and in his OFFICIAL CAPACITY AS § | | |
| DEPUTY RECEIVER FOR IMPERIAL § | | |
| CASUALTY AND INDEMNITY § | | |
| COMPANY § | | |
| § | | |
| *Defendants.* § | | |

**ORDER ADOPTING REPORT AND
RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE**

Came on for consideration the report of the United States Magistrate Judge in this action, this matter having been heretofore referred to the United States Magistrate Judge pursuant to 28 U.S.C. § 636. On March 26, 2013, the report of the Magistrate Judge was entered containing proposed findings of fact and recommendation that defendants' Motion to Dismiss for Lack of Subject Matter Jurisdiction be denied as moot at this time subject to reconsideration, and that the alternative Motion to Abstain or Stay be granted [Doc. #8, #9, #13]. On April 9, 2013, plaintiff filed objections [Doc. #14]. On April 23, 2013, defendants filed a response [Doc. #16].

1

Plaintiff, Providence Holdings, Inc. ("PHI") filed suit against defendants John Doak ("Doak"), Individually, and in his official capacity as Insurance Commissioner for the Oklahoma Department of Insurance, and Mark Tharp ("Tharp"), Individually, and in his official capacity as Deputy Receiver for Imperial Casualty and Indemnity Company ("Imperial"). PHI is an Oklahoma corporation whose business address is in Frisco, Texas.

Imperial is an Oklahoma property and casualty insurer that was previously owned by Providence Property and Casualty Company ("PPC"). Imperial ownership was transferred directly to PHI as a dividend to the PPC stock purchase by Park Avenue Insurance, LLC. Imperial is an Oklahoma insurance company. Imperial's principal office was located in the same offices as PHI in Frisco, Texas. In March 2010, Imperial was placed into receivership by the Oklahoma Department of Insurance. The Oklahoma County District Court's (the "Receivership Court") Order Directing Insurer to Show Cause and Allowing Injunctive Relief (the "Seizure Order") and Consent Order of Liquidation with a Finding of Insolvency and Permanent Injunction (the "Receivership Order") were entered.

The Receivership Court found that the "competence and integrity of the persons" controlling the operations of Imperial were such that "it would not be in the interest of policyholders or the public to permit the company to continue operations." In accordance with the Seizure Order, Assistant Receiver, and defendant herein, Mark Tharp (the "Assistant Receiver") entered the offices of Imperial and relieved senior management of their duties to Imperial to avoid further misappropriations of Imperial's assets by senior management. Upon removal of such property, it became the property of the Imperial receivership estate.

On May 12, 2010, following a four-day trial, the Receivership Court entered the Receivership

Order, whereupon the Receivership Court became "responsible for the proper administration of all assets coming into the Receiver's possession or control." The Receivership Court further ordered that "no distribution of Imperial's property will be made without the Court's approval." In addition, the Receivership Court enjoined and prohibited all persons and entities "from prosecuting any pending action or litigation involving Imperial; obtaining any preferences, judgments, attachments, or liens against Imperial; or making any levy against Imperial or its assets."

Plaintiff alleges that Defendants "wrongfully seized and converted documents and tangible assets of PHI" located in the physical offices of Imperial in April 2011, immediately following the Receivership Court's Seizure Order. Plaintiff has alleged that defendants have taken the property of PHI in violation of PHI's constitutional rights under 42 U.S.C. § 1983 and which taking constitutes conversion under Texas common law. Plaintiff seeks injunctive relief as well as monetary relief.

The Magistrate Judge found as follows:

> Defendants contest Plaintiff's principal factual theory of this case: that the property seized was the property of PHI. Instead, Defendants assert that the property seized from the Frisco office was the property of Imperial. Thus, the Court views that this claim for injunctive relief most certainly would implicate the assets of the estate of Imperial, if the property seized was, in fact, property of Imperial. Defendants are correct that the decision whether the property seized is property of the receivership is a decision for the Receivership Court. Defendants should make any such claim to the seized property to the Receivership Court. *See Munich American Reinsurance Co. v. Crawford*, 141 F.3d 585, 593 (5th Cir. 1998). However, the Court declines to decide whether the Court has jurisdiction over the claims being asserted until a decision is made regarding the seized property. If the seized property is determined by the Receivership Court to be the property of Plaintiff and not an asset of Imperial, the Court will then decide whether the claims may proceed.

Plaintiff first objects to the Magistrate Judge's recitation of the facts because the report fails to include that the business records are necessary for PHI to conduct business. The court sees no error. Defendants' response to the objections indicates that they have made, and continue to make,

3

available to plaintiff any documents necessary for plaintiff to conduct its business.

Plaintiff next objects to the finding that the plaintiff's claim would implicate the assets of the estate of Imperial, that the decision whether the property seized is property of the receivership is a decision of the Receivership Court, and that plaintiff should make any claim to the seized property to the Receivership Court. Plaintiff also objects to any stay of this litigation. Plaintiff argues that its claims do not implicate the assets of the estate of Imperial. Plaintiff argues that the property seized is either owned by PHI or it is not. Plaintiff also objects to the Magistrate Judge's reliance upon *Munich*.

The Magistrate Judge decided this matter in a simple straightforward manner. Property of PHI was seized by the Assistant Receiver pursuant to a Seizure Order entered by the Receivership Court. Plaintiff now asks this court to proceed on claims regarding the taking of this property. The court cannot decide the claim being asserted by plaintiff in this lawsuit without addressing whether the property seized was properly seized or not. Since the property is in the possession of the Receivership Estate, any question of whether the property is properly part of the Receivership Estate must be determined by the Receivership Court prior to any action proceeding in federal court. Plaintiff's argument is illogical and misplaced. Since the property is part of the Receivership Estate, any determination by this court that this was not proper would implicate the assets of the Receivership Estate. This determination must be made by the Receivership Court.

The court also rejects plaintiff's objection that the Magistrate Judge incorrectly relied upon *Munich*. The court recognizes that this is a unique situation and that there is not a lot of law that applies to this situation. Plaintiff takes issue with the Magistrate Judge's reliance on *Munich,* but fails to offer any authority that come close to addressing this situation. In *Munich*, the Fifth Circuit

determined that whether property is part of the insolvent estate is a question for the receivership court to decide. The court agrees with the Magistrate Judge that plaintiff should seek relief from the Receivership Court and that this case should be stayed until that determination is made.

Having received the report of the United States Magistrate Judge, and considering the objections thereto filed by plaintiff, this court is of the opinion that the findings and conclusions of the Magistrate Judge are correct and adopts the Magistrate Judge's report as the findings and conclusions of the court.

It is, therefore, **ORDERED** that defendants' alternative Motion to Abstain or Stay [Doc. #9] is GRANTED and defendants' Motion to Dismiss for Lack of Subject Matter Jurisdiction is denied as moot subject to reconsideration after the stay is lifted. The parties shall file a status report in sixty days.

So **ORDERED** and **SIGNED** this **23** day of **May, 2013.**

_____
Ron Clark, United States District Judge